UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROMEIN RAMSARRAN and RAHEEMA
RAMSARRAN,

                                 Plaintiffs,

                      -against-                    **MEMORANDUM AND ORDER**

CHIA MING SIU,                                   23-cv-288 (LDH) (LB)

                                 Defendant.

Romein and Raheema Ramsarran ("Plaintiffs"), proceeding pro se, commenced this action against Chia Ming Siu ("Defendant") seeking injunctive and monetary relief stemming from a property dispute. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's New York state law claims. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint in its entirety.

## BACKGROUND[1]

According to the Complaint Romein Ramsarran, entered a contract to purchase property in Brooklyn on July 14, 2009.[2] (Compl. ¶ 4, ECF No. 1.) However, Plaintiffs allege that Defendant "conspired" with a realtor named Leroy Smith to buy the property for less than the $390,000 Romein agreed to pay. (*Id.*) Plaintiffs now seek (1) to enjoin Defendant from evicting

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

[2] Attached as exhibits to Plaintiffs' complaint are two contracts of sale. (ECF No. 1-1.) Curiously, Romein is not listed as a party to either contract.

Romein Ramsarran, (2) $1,000,000 in monetary damages, and (3) an order compelling production of "all alleged sale and closing documents held by defendants." (Compl. at 5.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, id., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

Defendant maintains that the complaint should be dismissed pursuant to either Federal Rule 12(b)(1) or 12(b)(6). "When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first." *Craig x. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526, 2015 WL 171234, at *4 (E.D.N.Y. Jan. 13, 2015) (quoting *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Generally speaking, a district court's subject matter jurisdiction is limited to the grounds set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, jurisdiction arises where a "federal question" is presented, 28 U.S.C. § 1331, or where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Neither basis for jurisdiction exists in this case.

"Diversity jurisdiction under 28 U.S.C. § 1332 is proper 'only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). Here, Plaintiffs and Defendant are New York residents. The requirements for diversity jurisdiction plainly are not satisfied.

Under 28 U.S.C. 1331, the district courts have jurisdiction over civil actions arising under the laws of the United States. "An action arises under federal law only where a well-pleaded

3

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Andrews v. Citimortgage, Inc.*, No. 14-CV-1534, 2015 WL 1509511, at *3 (E.D.N.Y. Mar. 31, 2015) (citations and internal quotation marks omitted). A pro se complaint must be dismissed for lack of subject matter jurisdiction where "even under the most liberal construction, plaintiff has not met his burden to show that the Court has federal question jurisdiction over his claims." *Sciabica v. Shelter*, No. 16-CV-3375, 2016 WL 3866554, at *1 (E.D.N.Y. July 13, 2016).

Although it is not altogether clear what cause of action Plaintiffs assert in their complaint, the thrust of their sparce allegations is fraudulent conduct by Defendant. Plaintiffs allege that Defendant conspired with a real estate agent, who is a non-party to this suit, to undercut a real estate purchase they allegedly entered with him. (Compl. ¶ 4.) Liberally construed, Plaintiffs claim sounds in tortious interference with a business relationship. *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008) (listing the elements for tortious interference with a business relationship as: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship."). However, it is well-settled that a tortious interference claim, as a common law cause of action under New York state law, cannot confer federal question jurisdiction.

Plaintiffs include several federal statutes throughout their complaint as potential bases for obtaining the Court's jurisdiction. Plaintiffs invoke 28 U.S.C. § 1337(a)—a statute providing original jurisdiction "of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies" and

4

28 U.S.C. § 1343, which provides original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress."  Plaintiffs also, without elaboration, list out four "violations" of federal criminal laws.  (*See* Compl. at 4 (citing "Title 18 U.S.C. Chapter 47" to allege fraud, 18 U.S.C. § 1957 to allege a violation of the RICO statute, and 18 U.S.C. §§ 241–42 to allege illegal deprivations of rights under the color of state law).)  The complaint is utterly devoid of factual allegations that would support the invocation of any of these statutes.  Indeed, the complaint lacks a single allegation that would support a civil cause of action under federal law.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (Noting that under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

At bottom, the complaint, even construed library, lacks even the most basic facts that might form a basis for this court's subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is GRANTED without prejudice to renew.

                                      SO ORDERED.

Dated: Brooklyn, New York               /s/ LDH
      September 30, 2024                L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                          United States District Judge